UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Leonard J. Richards,<br><br>Plaintiff,<br><br>v.<br><br>Andrew Saul, Commissioner of the Social Security Administration; Star Tribune Media Company LLC; Stephen Frederick Simon; Bert Black; and anyone acting on behalf of, or in concert with, any of the above named defendants,<br>Defendants. | Case No. 20-cv-1047 (DSD/HB)<br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

The case is before the Court on Defendant Star Tribune Media Company LLC's Motion to Dismiss Plaintiff's Complaint [Doc. No. 25], the State Defendants' (Stephen Simon and Bibi Black[1]) Motion to Dismiss [Doc. No. 31], and Plaintiff's Motion for Dismissal for Lack of Federal Jurisdiction [Doc. No. 77]. These motions were referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the Court recommends that Richards's motion be granted and that Defendants' motions be denied as moot.

---

[1] Defendant Black transitioned from male to female in 2019 and now uses the first name "Bibi."

1

**I.     Factual Background**

This matter centers on events that occurred in the run-up to Minnesota's 2018 statewide primary election, which was held on August 14, 2018.  Richards ran in that election for the Democratic-Farmer-Labor Party nomination for the U.S. Senate against, among others, incumbent Amy Klobuchar.  *See 2018 Primary Election Results*, Office of the Minnesota Secretary of State Steve Simon, https://www.sos.state.mn.us/elections-voting/election-results/2018/2018-primary-election-results/.  Richards came in fifth place, receiving 3,552 votes.  *Id.*  He was then, as now, incarcerated, serving two terms of life imprisonment after having been convicted of murdering his half-sister, May Wilson, and his attorney, Robert Stratton.  *See State v. Richards*, 552 N.W.2d 197, 201-03 (Minn. 1996); *State v. Richards*, 552 N.W.2d 260, 261 (Minn. 1990).

On July 11, 2018, approximately one month before the election, Cindy Stratton, Robert Stratton's sister, emailed the Minnesota Secretary of State to inquire why Richards was permitted to be on the ballot.  (Compl. ¶ 35 [Doc. No. 1-1].)  Black, who was employed by the Secretary of State, replied by email the next day, saying, "I am familiar with this case and with Richards, who was a customer of this office before he committed his unspeakable acts."  (*Id.* ¶ 32.)  Black went on to elaborate that while state law would prohibit Richards's candidacy, federal law permitted even incarcerated felons to run for office.  (*Id.*)

Richards takes issue both with Black's statement that he committed "unspeakable acts" and with her representation that Richards "was" a customer of the office, which

incorrectly suggested Richards was not still *currently* a customer of the office. He sues Black for violating his constitutional rights, defaming him, and breaching Black's "duty to remain impartial in conducting the election." (*Id.* ¶¶ 83–90.) Richards also sues Simon, the Minnesota Secretary of State, for failing to train and supervise Black.[2] (*Id.* ¶¶ 92–94.) Black and Simon are both sued in their individual and official capacities. (*Id.* ¶¶ 26, 48.)

Richards's claims against the Star Tribune Media Company LLC ("Star Tribune") arise out of a news story published in its newspaper that included excerpts from Black's email to Cindy Stratton:

> When Stratton asked for an explanation, Bert Black, a legal adviser for the Secretary of State's Office, said in an e-mail reply that despite the "unspeakable acts . . . Richards is allowed to run for federal office because the courts have ruled that we may not prohibit a felon, even one still serving a sentence, from filing an affidavit of candidacy."

(*Id.* ¶ 34.) Richards points out several alleged factual inaccuracies in the story, which he contends are libelous. (*Id.* ¶¶ 34, 60, 61.) He alleges the Star Tribune violated his federal Constitutional rights, made negligent misrepresentations, and defamed him in violation of state law. (*Id.* ¶¶ 73–76, 77, 78, 80.) The Star Tribune correctly notes that Richards's claims also sound in libel. (*See id.* ¶¶ 79, 81; Star Trib. Mem. at 2 [Doc. No. 27].)

Richards seeks declaratory and injunctive relief and damages from all Defendants. (Compl. ¶¶ E–OO (Relief Requested).)

---

[2] Richards alleges that Black was Simon's "assistant." (Compl. ¶ 46.) The State Defendants say Black is in-house counsel for the Secretary of State. (State Defs.' Mem. at 2 [Doc. No. 32].)

## II.     Procedural Background

Richards's Complaint was originally filed in Ramsey County District Court and named a third Defendant, Andrew Saul, Commissioner of the Social Security Administration. (*Id.* ¶ 1.)  Saul removed the action to federal district court.  (Notice of Removal [Doc. No. 1].)  Richards's claims against Saul were unrelated to the relevant facts here and were subsequently dismissed with prejudice by the Honorable David S. Doty, United States District Judge, on August 18, 2020, pursuant to a stipulation between Richards and Saul.  [Doc. Nos. 69, 72.]

The Star Tribune and the State Defendants filed respective motions to dismiss. [Doc. Nos. 25, 31.]  On September 8, 2020, the day his responses to Defendants' motions were due, Richards filed his own Motion for Dismissal for Lack of Federal Jurisdiction. [Doc. No. 77.]  In it, Richards seeks dismissal of his case against the remaining Defendants.  He argues that federal jurisdiction was dependent on Saul's presence in the case, and since all claims against Saul have been dismissed, this Court no longer retains jurisdiction to hear the matter.  (*See* Pl.'s Mem. [Doc. No. 78].)  In his Meet-and-Confer Statement, Richards states that he was not able to meet and confer with counsel for the State Defendants or the Star Tribune, but that he presumes all of the remaining Defendants would favor dismissal since all had moved for dismissal.  [Doc. No. 80.] Neither the State Defendants nor the Star Tribune filed a response to Richards's Motion to Dismiss.

4

### III.    Discussion

Under Federal Rule of Civil Procedure Rule 41(a)(1)(A), a "plaintiff may dismiss an action without court order by filing . . . a notice of dismissal before the other party files either an answer or summary judgment." Unless the notice states otherwise, the dismissal is without prejudice. Fed. R. Civ. P. 41(a)(1)(B).

Richards's motion to dismiss does not cite Federal Rule of Civil Procedure 41(a)(1). Nevertheless, the Court construes Richards's motion as a notice of voluntary dismissal under Rule 41(a)(1).[3] *See Ventura-Vera v. Dewitt*, 417 F. App'x 591, 591–92 (8th Cir. 2011) (construing pro se plaintiff's motion to dismiss as a notice of voluntary dismissal). Neither the State Defendants nor the Star Tribune has answered or moved for summary judgment, and their motions to dismiss are "not considered to be the equivalent of either an answer or a motion for summary judgment" for the purposes of Rule 41(a)(1)(A)(i). *See Hawkins v. Singer*, Case No. 02-cv-4098 (JRT/FLN), 2003 WL 22076552, at *2 n.1 (D. Minn. Sept. 2, 2003) ("Defendants have filed motions to dismiss, but these do not fit the narrow strictures of Rule 41(a)."); *Woody v. City of Duluth*, 176 F.R.D. 310, 314 (D. Minn. 1997) ("[T]he State's filing of a Motion to Dismiss raises no legal barrier to the Plaintiff's right to unilaterally dismiss his Complaint."). In the context of Rule 41, the filing of an answer or a motion for summary judgment must be "construed

---

[3] The Court has the duty to construe liberally a pro se party's pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that even if a claim "is not pleaded with legal nicety," a court should construe the allegations so that the claim may "be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

5

strictly and exclusively." *Safeguard Bus. Sys., Inc. v. Hoeffel*, 907 F.2d 861, 863 (8th Cir. 1990)

Accordingly, Richards has the right to voluntarily dismiss his claims against the remaining Defendants pursuant to Rule 41(a)(1)(A) and does not need the Court's approval to do so. Dismissal in such a case would be without prejudice, since Richards's motion does not expressly state otherwise. Fed. R. Civ. P. 41(a)(1)(B).

The question remains, however, whether Richards's expressed desire to dismiss his claims against both the Star Tribune and the State Defendants is contingent upon his belief that the Court, in fact, lacks subject matter jurisdiction over his claims. As to the claims against the Star Tribune, that belief is correct. The Court cannot exercise diversity jurisdiction under 28 U.S.C. § 1332 over Richards's state law claims against the Star Tribune, as it appears both Richards and the Star Tribune Media Company LLC are residents of Minnesota. *See* Adam Belz, *Glen Taylor Finalizes Purchase of Star Tribune*, Star Trib., (July 1, 2014), https://www.startribune.com/july-1-2014-glen-taylor-finalizes-purchase-of-star-tribune/265223641/?refresh=true. As for federal question jurisdiction under 28 U.S.C. § 1331, although Richards accuses the Star Tribune of violating various provisions of the U.S. Constitution, he does not identify a source for a private right of action for an alleged constitutional violation by a private actor not operating under the color of state law. Therefore, there is no independent basis for federal subject matter jurisdiction over Richards's claims against the Star Tribune.[4]

---

[4] Richards's motion also complains that although he was aware the Star Tribune had filed a motion to dismiss, he had never been served with that motion. The Court notes that

However, it is not so clear that there is no remaining basis for federal subject matter jurisdiction over any of Richards's claims against Simon and Black, as Richards has sued them in their individual capacities for damages for alleged violations of his rights under the U.S. Constitution. *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997) ("[T]he Eleventh Amendment does not bar damage claims against state officials acting in their personal capacities."). It is reasonable to assume, however, not only from his own Motion to Dismiss but from his failure to respond to the State Defendants' Motion to Dismiss, that Richards does not wish to persist with any of his claims against them in this Court, regardless of whether the Court has subject matter jurisdiction.

Accordingly, the Court recommends that Richards's Motion to Dismiss be treated as a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A), and that his claims against all remaining Defendants be dismissed without prejudice. The Court further recommends that Defendants' motions to dismiss be denied as moot.[5] *See Woody*, 176 F.R.D. at 315 (finding plaintiff's motion to voluntarily dismiss defendant mooted defendant's motion to dismiss).

---

Richards raised this issue for the first time nearly three months after the Court issued a briefing order that Richards admits put him on notice of the motion. But as Richards seeks to dismiss his case against the Star Tribune in any event, any factual issues raised by his claim of improper service—such as whether the Star Tribune failed to take the appropriate steps to serve its motion on Richards or whether the papers went astray en route or at the prison, and whether, either way, Richards should have raised the issue of service with the Star Tribune when the Court's briefing order put him on notice of the motion—are now moot.

[5] If the Court is incorrect in this assumption that Richards wishes to dismiss his claims against the State Defendants in this Court even if there is subject matter jurisdiction over one or more of those claims, he can make that objection in the time permitted under Local Rule 72.2(b)(1). In that case, the undersigned would respectfully recommend that

7

### III.   CONCLUSION

Based on the foregoing and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that

1. Plaintiff's Motion for Dismissal for Lack of Federal Jurisdiction [Doc. No. 77] be **GRANTED** and the matter **dismissed without prejudice** pursuant to Rule 41(a)(1)(A);

2. Defendant Star Tribune Media Company LLC's Motion to Dismiss Plaintiff's Complaint [Doc. No. 25] be **DENIED as moot;** and

3. The State Defendants' Motion to Dismiss [Doc. No. 31] be **DENIED as moot**.


Dated:  October 20, 2020               *s/ Hildy Bowbeer*
                                       HILDY BOWBEER
                                       United States Magistrate Judge


### NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.  Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

---

the District Judge remand the matter to the undersigned to determine whether any or all of Richards's claims against the State Defendants should be dismissed for the reasons discussed in the State Defendants' Motion to Dismiss.

8